LAWRENCE JOHN HERRINGTON, Plaintiff-Appellee, v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellant.

(No. 11267;

Fourth District—November 19, 1970.

*Rehearing denied December 7, 1970.*

Craig & Craig, of Mattoon, (William E. Larrabee and Donald E. Castles, of counsel,) for appellant.

Glenn & Logue, of Mattoon, (Thomas J. Logue, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The plaintiff lost his eyesight when he was struck by a stream of phosphoric acid released from a valve at the rear of a tank trailer filled with liquid fertilizer. A jury verdict of $7,500.00 was approved by the trial court and post-trial motion denied. The single issue is whether or not the plaintiff was injured "as a result of accident sustained  *  *  * by  *  *  * explosion of  *  *  * heavy-duty truck" within the terms of the covering insurance policy. The question actually further refines itself to a question of whether or not there was an explosion and if so, whether the explosion was an "explosion of a heavy-duty truck". The evidence shows and both sides agree that the valve involved is an exit valve which is a constituent part of the automotive equipment.

The plaintiff was a truck driver delivering phosphoric acid to Agrico Chemical Company by truck. At the rear of the truck was an exit valve to which an unloading hose was attached by a quick coupling device. Once connected, this fluid flowed through the hose to the storage tank of Agrico and was permitted to do so through a manual opening and closing of the valve. At the time of the occurrence, the acid was being unloaded in the customary manner with air pressure from a compressor hose attached to the top of the tank trailer forcing the acid from the trailer through the exit valve to Agrico's storage tank. After awhile, the plaintiff noticed that the unloading hose had stopped pulsating and this indicated a stoppage of acid flow. He turned the pressure off and went for one Ghiz, foreman of Agrico, to ascertain whether the trailer was empty. When Ghiz appeared, he hooked the air pressure back up and closed the exit valve and disconnected the unloading hose from the tank trailer by unfastening the quick coupler. He then opened the valve but nothing happened. Before opening the valve he asked plaintiff to step back. This he did. Ghiz himself stood above the valve on a raised platform on the back of the truck. Herrington then moved to the back of the truck, Ghiz closed the valve again and opened it and while he and Herrington examined the valve with a flashlight, the acid discharged. It also appeared from the evidence that there were small rock particles in the acid incident to its manufacture. These are the operative occurrence events. Plaintiff's injuries are permanent. The insurance policy involved provided for the payment of $7,500.00 for loss of eyesight through accidental injury by the explosion of a heavy-duty truck.

The trial court defined the elements necessary to establish proof of an explosion in the following language:

"INSTRUCTION NUMBER 7-A

The Court instructs the jury on what the elements of the proof of an explosion are. These are the following:

1. That there was a sudden, accidental and violent bursting or breaking of the truck;

2. That such accidental bursting or breaking of the truck, if any, was caused by suddenly developing internal forces;

3. That such breaking or bursting of the truck, if any, was accompanied by sudden and rapid expansion of air; and

4. That such bursting or breaking was accompanied by a sharp noise or report.

You are instructed that the term 'explosion of a heavy duty truck' must be read in its entirety and applied to the facts as shown by the evidence in this case and the definition as given above."

The parties are in apparent agreement that this is a correct judicial interpretation of the meaning of the word "explosion of a heavy duty truck" and that the elements defined are the elements set forth in *Hulcher Soya Products, Inc. v. Millers' Mutual Fire Insurance Association*, 5 Ill. App.2d 235, 124 N.E.2d 570, an abstracted opinion of our predecessors on this court.

Inasmuch as we deal with a limited policy, it is necessary that we refer to the precise terms of that policy. It is at once to be noted that it does not cover injuries sustained as a result of a mere "explosion" but that the injuries must be sustained as a result of an explosion of a "heavy-duty truck". Just what caused this acid to gush through the open valve when it did or why it did so is anybody's conjecture. There is testimony that it had never occurred before. Just why it did so when the valve was open for the second time and not the first time is not explained. Had the hose coupling to Agrico's storage tank been connected, there would have been no accident. The acid would have followed its normal course and unless the pressure was so great that it would burst the unloading hose, the acid and whatever material if any might have been causing the stoppage would have flowed on into the storage tank of Agrico. The evidence further shows that this hose belonged to Agrico and was no part of the tank trailer truck or its equipment. The evidence is undisputed that nothing about the truck of the tank trailer was damaged. No integral or component part of the tank trailer unit was broken, fractured, bent or disturbed. The hose, the quick coupler and all of the equipment involved was intact after the occurrence. Assuming without deciding

that there was a blockage of some nature in the tank or in the exit valve it is apparent that the sudden gushing of the acid or the release of the stoppage, if there was any, was the cause of the acid movement because of pressure applied. For our purposes and without either holding or deciding whether a jury might properly find that this evidence does establish an explosion, we will assume that the acid and sludge in this tank suddenly released and to that extent an explosion occurred. It was neither the equipment, the heavy-duty truck nor the valve that exploded. The valve functioned and did not fail.

Were we here dealing with an insurance policy which provided coverage for accidental injury through an explosion alone, we would necessarily determine whether or not under the appropriate definition of an explosion the evidence establishes it as a fact. If so, under such a policy, there would have been liability. This policy does not protect against such an occurrence, but from an accident resulting from the explosion of a "heavy-duty truck". The language of the insurance policy is plain and unambiguous. The facts shown in the evidence are precise and unambiguous. The instruction of the court was plain and unambiguous as to the circumstances under which liability could be imposed. The facts are not within the precise language or coverage of the insurance contract. The jury patently did not follow the instruction. It appears clear to us that under the principles laid down in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, no verdict imposing liability under the terms of this policy could possibly stand. It thus becomes our duty to reverse the judgment of the trial court and it is so ordered.

Judgment reversed.

CRAVEN, P. J., and TRAPP, J., concur.